UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MINING LOGISTICS AND RECLAMATION, an Idaho limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>E3 REALTY ADVISORS, INC., a California corporation also known as E3 ADVISORS; KRISTA FREITAG, an individual; GENO RODRIGUEZ, an individual; and JOHN DOES 1 THROUGH 10,<br><br>    Defendants. | Case No. 1:23-cv-00376-AKB<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION TO DISQUALIFY** |

Pending before the Court is a motion to disqualify the undersigned pursuant to 28 U.S.C. § 455(a) filed by Plaintiff Mining Logistics and Reclamation, LLC ("Mining Logistics"). Mining Logistics requests I disqualify myself on the grounds that my "impartiality might reasonably be questioned." (Dkt. 11). Defendants, E3 Realty Advisors, Inc., Krista Freitag, and Geno Rodriguez, chose not to respond to Mining Logistics' motion. I find oral argument would not significantly aid my decision-making process and decide the motion based on Mining Logistics' submissions. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons set forth below, I deny the motion.

## BACKGROUND

Mining Logistics, which is represented by Jeffrey A. Strother of Strother Law Office, filed this action in state court. (Dkt. 1). Thereafter, Defendants removed the action to federal court. (Dkts. 1-2). Initially, the case was randomly assigned to a United States Magistrate Judge. (Dkt. 2). When both parties failed to consent to proceeding before a Magistrate Judge, the action was randomly reassigned to me in the ordinary course of case assignments in the District of Idaho. (Docket Entry Notice 10/13/2003).

**MEMORANDUM DECISION AND ORDER RE: MOTION TO DISQUALIFY** - 1

Ten days later, on October 23, 2023, Mining Logistics moved to disqualify me. (Dkt. 11). In support, Mining Logistics filed a memorandum stating that its legal counsel, Mr. Strother, "prosecuted an action for legal malpractice against Holland & Hart [a law firm] on account of conduct of then attorney, Amanda Brailsford" and that "under the circumstances . . . the impartiality of Judge Brailsford in this action might be reasonably questioned." (Dkt. 11-1). In turn, the memorandum relies on the "circumstances detailed" in Mr. Strother's affidavit. (*Id.*; Dkt. 11-2).

In that affidavit, Mr. Strother attests that he represented a plaintiff in a legal malpractice action against Holland & Hart "focusing upon conduct, prior to her accession to the bench, of [Judge] Brailsford" and that "given this fact, [he] believes the impartiality of Judge Brailsford in this case might reasonably be questioned." (Dkt. 11-2). Mining Logistics acknowledged, however, that it is not "claiming actual bias or prejudice." (Dkt. 11-1).

## LEGAL ANALYSIS

Section 455(a) provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The United States Supreme Court has explained the goal of § 455(a) is "to avoid even the appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). The standard for determining impartiality is purely objective. *United States v. Holland*, 519 F.3d 909, 913 (2008) (applying "objective test"); *Clemens v. United States Dist. Court for Central Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005) (same).

The Ninth Circuit has ruled that the inquiry for determining impartiality is whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned or would perceive a significant risk the judge would resolve the case on a basis other than the merits. *Holland*, 519 F.3d at 913. A reasonable person for purposes of the inquiry is a "well-informed, thoughtful observer" and not a "hypersensitive or unduly suspicious" person. *Id.* (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)); *see also Clemens*, 428 F.3d at 1178 (stating standard and describing reasonable person's nature). Further, "the standard 'must not be so broadly construed that it becomes, in effect presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Holland*, 519 F.3d at 913 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)). When the law and the

facts do not support a legitimate reason for disqualification, a judge has a "strong duty to sit." *Clemens*, 428 F.3d at 1179 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

An analysis of whether § 455(a) requires disqualification "is necessarily fact-driven and may turn on the subtleties in the particular case." *Holland*, 519 F.3d at 913. The court must be guided by an independent examination of the unique facts and circumstances and not by a comparison to similar situations in other cases. *Id.* In conducting this analysis, I accept as true the allegations in Mr. Strother's affidavit. *Cf. United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) (addressing disqualification under 28 U.S.C. § 144 and noting "inquiry is addressed to the facial sufficiency of the affidavit not to the truth or falsity stated therein").

Mr. Strother attests that he was legal counsel for a plaintiff in a legal malpractice action against the law firm of Holland & Hart; this action was "focused" on my conduct; and based on this fact, Mr. Strother "believes" my impartiality might "reasonably be questioned" in this case. (Dkt. 11-2). Mr. Strother's personal belief, however, is inadequate to establish grounds for my disqualification. The proper inquiry is not whether Mr. Strother believes my impartiality might be questioned. Rather, the correct inquiry is whether a well-informed, thoughtful, reasonable person with knowledge of all of the facts would conclude my impartiality might reasonably be questioned or would perceive a significant risk that I would resolve this case on a basis other than on the merits. *See Holland*, 519 F.3d at 913 (discussing reasonable person standard).

Mining Logistics does not cite any authority to support the proposition that Mr. Strother's personal beliefs are adequate to require my disqualification under § 455(a). Indeed, the Ninth Circuit has ruled to the contrary, stating that "[r]umor, speculation, ***beliefs***, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are insufficient to require disqualification under § 455(a). *Clemens*, 428 F.3d at 1178 (quoting *Nichols*, 71 F.3d at 351) (emphasis added). Further, Mining Logistics' submissions in support of its motion are factually insufficient to demonstrate a reasonable person might question my impartiality—regarding either Mr. Strother or Mining Logistics.

For example, Mining Logistics does not state when Mr. Strother brought the malpractice action. It does not identify any of the allegations in that action, including any allegations against me personally. It does not state any factual findings or legal conclusions against Holland & Hart, me, or any other individual. It does not state how the action was eventually resolved. Further, Mining Logistics fails to explain how it was involved, if at all, in the action such that my

impartiality as to it might reasonably be questioned because of the action. Absent any facts about the action, analyzing whether a reasonable person with knowledge of "all of the facts" would question my impartiality is not possible. *See Holland*, 519 F.3d at 913 (noting reasonable person would have knowledge of all facts); *see also In re Forty-Eight Insulations, Inc.*, 84 B.R. 129, 134 (N.D. Ill. 1988) (concluding prior allegations of professional negligence against judge cannot be presumed to result in retribution against party having nothing to do with malpractice case). Accordingly, Mining Logistics has failed to meet its burden under § 455(a) to require my disqualification in this case.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion to Disqualify (Dkt. 11) is **DENIED**.

DATED: December 14, 2023

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER RE: MOTION TO DISQUALIFY - 4**